**MICHAEL W. CARMEL LTD.**
80 E. Columbus
Phoenix, Arizona 85012-2334

Michael W. Carmel  State Bar No. 007356
e-mail: Michael@mcarmellaw.com

Telephone: (602) 264-4965
Facsimile: (602) 277-0144

Attorneys for Defendants

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 11 |
| MONDRIAN TTL, L.L.C., a Delaware limited liability company | Case No. 2:10-bk-14140 rjh |
| Debtor. | |
| EID # 20-1473299 | |
| In re: | Case No. 2:10-14141 jmm |
| GRIGIO TTL, L.L.C., an Arizona limited liability company, | (Jointly Administered) |
| Debtor. | |
| EID # 20-5787568 | |
| TPG (Grigio) Note Acquisition LLC, a Delaware limited liability company, | **NOTICE OF REMOVAL** |
| Plaintiff, | |
| vs. | |
| BRUCE W. GRAY, an unmarried man; GRAY MEYER FANNIN LLC, an Arizona limited liability company; GDG ENTERPRISES LLC, an Arizona limited liability company, | **Adv. No. 2:10-01210 rjh**_____ |
| Defendants. | |

1. Bruce W. Gray, Gray Meyer Fannin LLC and GDG Enterprises LLC (the "Movants"), as defendants in the Maricopa County Superior Court for the District of Arizona, Case No. CV2010-016857 (the "Removed Case"), hereby remove the Removed Case to the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court").

**Entitlement to Removal**.

2. On May 9, 2010, the Debtors commenced the above-captioned Chapter 11 cases, jointly administered under Case No. 2:10-bk-14140-RJH (the "Bankruptcy Case") in the Bankruptcy Court in the District of Arizona. The Removed Case was commenced in the Superior Court of Maricopa County on June 4, 2010. It was served on the Movants on June 9, 2010. Copies of the Superior Court docket, all Pleadings and pending Motions will be filed in accordance with Rule 9027-1 (c), Local Rules of Bankruptcy Procedure for the District of Arizona.

3. The Plaintiff in the Removed Case, TPG (Grigio) Note Acquisition LLC ("Picerne/Key") holds the senior secured claim against Debtor Mondrian TTL, L.L.C., originally extended by KeyBank ("Picerne/Key Claim"). Picerne/Key acquired the Picerne/Key Claim shortly before the bankruptcy cases were filed. Picerne/Key alleges in the Removed Case that it is entitled to collect on the Movants' guaranty of the Picerne/Key Claim. The Complaint fails to acknowledge that the amount due was reduced by half pursuant to the terms of the November 21, 2006 Payment Guaranty (Amended and Restated).

4. Picerne/Key's filing of the Removed Case is an obvious tactic to exert pressure on the Debtors in the Bankruptcy Case. It is unnecessary and wasteful, as the Debtors explained on the first day of the Bankruptcy Case that they had a potential source of recapitalization that would provide them with more than sufficient funds to satisfy in full the Picerne/Key claim (*See* DE 11 ¶ 36). Indeed, the Debtors will soon file their plan

of reorganization, and will pay the Picerne/Key claim in full on the effective date of the plan.

5. The Removed Case accordingly is related to the Bankruptcy Case, and this Court has jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334(b). Therefore, pursuant to 28 U.S.C. § 1452(a), the Removed Case may be removed from the Superior Court to this Court.

6. As permitted by Bankruptcy Rule 9027(a)(3), this Notice of Removal is being timely filed within 30 days after the Movants' receipt of the summons and complaint, the initial pleading in the Removed Case. This Notice is filed in the Bankruptcy Court pursuant to Local Bankruptcy Rule 9027-1(a) ("A notice of removal of litigation pending in a court in Arizona, together with an adversary proceeding cover sheet, shall be filed with the bankruptcy court clerk's office in the division where the removed litigation is pending."). We note that this removed action is within the automatic reference from the District Court to the Bankruptcy Court as provided in the District Court's General Order 01-15(1) filed June 29, 2001 ("Pursuant to 28 U.S.C. § 157(a), the court hereby refers to the bankruptcy judges for this district all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11 as of the effective date of the present Bankruptcy Act.").

**Core/Non-Core Status of Removed Case**.

7. The Removed Case is a non-core proceeding within the meaning of 28 U.S.C. § 157(b) Pursuant to of 28 U.S.C. § 157(c)(2), the Movants do consent to the District Court's referral of the Removed Case to the Bankruptcy court to hear and determine and to enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158. Pursuant to Bankruptcy Rule 9027(a)(1), the Movants consent to the entry of final orders or judgments by the bankruptcy judge.

3

2207559.2

**Process and Pleadings**.

8. This notice is accompanied by a copy of the Summons, Complaint, Certificate of Compulsory Arbitration and Docket in the Removed Case, along with a recently filed and unserved Motion for Summary Judgment.

**Filing in Superior Court**.

9. Promptly after the filing hereof, the undersigned shall file a copy of this notice with the Clerk of the Superior Court of Maricopa County. Removal of the cause of action is effected upon filing of a copy of the notice of removal. The parties shall proceed no further in the Superior Court unless and until the claim or cause of action is remanded.

DATED: July 1, 2010.

**MICHAEL W. CARMEL LTD.**

By /s/ Michael W. Carmel (#007356)

Attorney for Movants

COPY of the foregoing mailed
this 1st day of July, 2010 to:

Office of the United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706

Michael C. Manning, Esq.
James E. Holland, Jr., Esq.
STINSON MORRISON HECKER LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004-4584
Email: mmanning@stinson.com
Attorneys for TPG (Grigio) Note Acquisition LLC

/s/ Nancy G. Forty